UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEAGHAN RIVERA,

                                        Case No.:

    Plaintiff,

vs.

OAK HILL HEALTH AND REHABILITATION LLC
d/b/a OAK HILL SENIOR LIVING

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MEAGHAN RIVERA, hereinafter referred to as "PLAINTIFF" by and through her undersigned counsel and sues the Defendant, OAK HILL HEALTH AND REHABILITATION LLC d/b/a OAK HILL SENIOR LIVING hereinafter referred to as "DEFENDANT", and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff resides in Hernando County, Florida.

4. Defendant is a Florida corporation licensed and authorized to conduct business in the State of Florida and doing business within Hernando County.

## GENERAL ALLEGATIONS

5. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

6. At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On April 14, 2022, Plaintiff timely filed her Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. On November 1, 2022, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charges of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights;

therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. On or about March 20, 2022, Defendant's newly hired male staffing coordinator, Dalven texted Plaintiff saying, "I want to see you so you should come in tomorrow".

13. On Thursday, March 24, 2022, when Plaintiff arrived, she stated that she could sit on a box that she had used as a chair in meetings with prior staffing coordinator, Jennifer. In response Dalven tapped on his leg and stated you can sit right here. Plaintiff told him she didn't find that funny.

14. Dalven told Plaintiff she should take off her mask as he had never seen her full face. When Plaintiff refused, he then pulled her photo up on the company website to see her profile. Dalven added a shift for Plaintiff the following Monday.

15. Later that day Plaintiff told her prior staffing coordinator, Jennifer, about the experience which she found offensive. Unknown to Plaintiff her prior shift supervisor reported her concerns immediately to Karen in Human Resources.

16. The following morning during her scheduled shift Plaintiff went to ask her ADON a question regarding her work. The ADON asked her "what happened between you and Dalven?"

17. Plaintiff responded that Dalven was weird, and she was uncomfortable. The ADON responded "well, he is weird but that's just how he is." "You're a pretty girl and this is going to happen." She then stated that Plaintiff was one of her best agency nurses but that ultimately, she doesn't know if the administrator would want to use her anymore. She stated that Dalven was in a lot of trouble. She also stated that "violated" and "scared" are big words in the HR community. At the time Plaintiff was unaware that Jenifer had reported her concerns to Human Resources and had used those terms.

18. Thirty minutes after this conversation Plaintiff discovered she had been removed from the shift on Monday that Dalven had scheduled for her.

19. When Plaintiff confronted her ADON about the cancelled shift on Monday, her ADON accused her of making a medication error that documentation clearly shows was a pretext. Plaintiff also learned that the ADON and Dalven were friends outside of work and had previously worked together. Plaintiff was also told that Dalven had prior issues involving sexual harassment at a previous job.

20. Prior to these issues Plaintiff had applied for an open admissions coordinator position.

21. Plaintiff has not been scheduled for any further shifts and was informed by her agency on Tuesday that Defendant had listed her as "DNR" or Do Not Return.

22. Plaintiff also emailed the Administrator describing the events, no one from Defendant has contacted Plaintiff.

## COUNT I
## TITLE VII - SEXUAL HARASSMENT

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

24. Plaintiff is a member of a protected class.

25. The aforementioned actions by Dalven constitute unwelcome sexual harassment.

26. The harassment by Dalven was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

27. Defendant knew of or should have known of the harassment to Plaintiff.

28. The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

29. Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

30. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorneys' fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT - SEXUAL HARASSMENT

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

32. Plaintiff is a member of a protected class.

33. The aforementioned actions by Dalvin constitute unwelcome sexual harassment.

34. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

35. Defendant knew or should have known of the harassment of Plaintiff.

36. The aforementioned actions created a hostile environment and constitutes discrimination on the basis of sex, in violation of the Florida Civil Rights Act.

37. The sexual harassment and conduct of Dalvin created a hostile work environment which interfered with Plaintiff's ability to perform her job.

38. Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

39. As a result of Defendant's unlawful sexual harassment and retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant for:

    a. Back pay and benefits;

    b. Interest in back pay and benefits;

    c. Front pay and future benefits;

  d. Loss of future earning capacity;

  e. Emotional pain;

  f. Suffering;

  g. Attorneys fees and costs;

  h. Punitive damages;

  i. Inconvenience; and

  j. For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - RETALIATION

40. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

41. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

42. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

43. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the following damages:

  a. Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Costs and attorneys' fees;

      g.      Punitive damages; and

      h.      For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

44. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

45. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act.

46. The aforementioned action by Defendant constitutes retaliation by Defendant in violation of Florida Statutes Chapter 760.

47. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff demands judgment against Defendant for the

following damages:

    a.    Back pay and benefits;

    b.    Interest in back pay and benefits;

    c.    Front pay and future benefits;

    d.    Loss of future earning capacity;

    e.    Emotional pain;

    f.    Suffering;

    g.    Attorneys fees and costs;

    h.    Punitive damages;

    i.    Inconvenience; and

    j.    For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 6th day of January 2023.

                                        FLORIN GRAY BOUZAS OWENS, LLC

                                        <u>/s/Wolfgang M. Florin</u>
                                        Wolfgang M. Florin
                                        Florida Bar No. 907804
                                        wflorin@fgbolaw.com

        Christopher D. Gray
        Florida Bar No.: 0902004
        chris@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558        `
        Telephone (727) 220-4000
        Facsimile (727) 483-7942
        Attorneys for Plaintiff